## 32308. GEORGIA CONGRESS OF PARENTS & TEACHERS, INC. v. BOYNTON et al.

BOWLES, Justice.

This is an appeal from an order granting appellees' motion for summary judgment. The sole issue for determination is whether the institution involved here is one of purely public charity and, therefore, exempt from ad valorem taxation under Code Ann. § 92-201.

Appellant owns real property in Atlanta, Georgia, against which appellees caused fi. fas. to issue for 1972, 1973 and 1974 unpaid taxes. Appellant filed its complaint below seeking to enjoin execution of the fi. fas. on the theory that it is an institution of purely public charity, and, therefore, exempt from taxation by virtue of Georgia Constitution of 1945, Art. VII, Sec. I, Par. IV (Code Ann. § 2-5404) and the Acts of the legislature pursuant thereto. Code Ann. § 92-201.

The case came before the court on cross motions for summary judgment, and after hearing argument of counsel and considering the pleadings, affidavits and depositions filed in the case, appellee's motion for summary judgment was granted. We affirm.

In order to authorize its exemption from taxation an institution must be one of "purely public charity." Code Ann. § 92-201. Even though an institution serves a benevolent purpose it is not necessarily a "purely public charity." *Camp v. Fulton County Medical Society,* 219 Ga. 602, 605 (135 SE2d 277) (1964). Chief Justice Duckworth in *United Hospitals Assn. v. Fulton County,* 216 Ga. 30, 32 (114 SE2d 524) (1960), recognized that "there are infinite charities that deserve the plaudits of all mankind, but the Constitution restricts tax exemption of institutions of charity to those and those only that are 'purely' charity and also that are 'public' charity. Without a positively fixed recognition of the indispensability of the presence of these two qualifying words, courts would ramble in a wilderness of private charitable actions in seeking an answer to their eligibility to tax exemption."

There is no dispute that the Georgia Congress of Parents & Teachers, Inc., is a worthy organization that does a great deal of good throughout the state, but the true

test of exemption is whether the property of the appellant is not only used for charitable purposes, but, that the purpose be "purely charity" and "public charity." The deciding question is not what the charter of the organization says as to whether it is a purely public charity or a nonprofit charitable organization, but how the property owned by the organization is used. *Mu Beta Chapter Chi Omega House Corp. v. Davison,* 192 Ga. 124 (14 SE2d 744) (1941).

The appellants rely on *Tharpe v. Central Ga. Council of BSA,* 185 Ga. 810 (196 SE 762) (1938), wherein the taxing authorities had contended that although the use of the property in question was charitable the organization was using the land not as a "public" charity but as a "private" charity, because the scout camp was open only to boys who were members of the scout organization. This court disagreed with the tax collector's contentions and affirmed the lower court's grant of the exemption. In doing so the court stated that "according to the record, every boy on reaching the age of 12 years is eligible to become a member, with no other qualification or restrictions. . . [T]he organization is thus open to all boys alike, within the classification as to age, and all under the age of twelve will in time become eligible, if they live. . . [C]haritable institutions are public, if they are open to the whole public, or to the whole of the classes for whose relief they are intended or adopted."

The present case is clearly distinguishable from *Tharpe,* supra, in that here the pleadings, affidavits and depositions in support of the motion for summary judgment show that in order for a local parent teachers organization to receive membership in and benefits of the state organization, it *must* pay dues. Mercer Randall Peek, treasurer of the state PTA, testified by deposition that in order for any local unit to be affiliated with the Georgia Congress of Parents & Teachers, Inc., it must pay yearly dues, and if dues are not received in the state office by April 1st of that year, then the local group will no longer be allowed to affiliate itself with the state PTA.

The use made of the property sought to be exempt from ad valorem taxes is not such as could be said to be "purely public" charitable use. It is a headquarters

474

available only to those who pay dues and as such it is not exempt from the payment of ad valorem taxes.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1977 — DECIDED SEPTEMBER 7, 1977.

*Mackay & Elliott, James A. Mackay, David L. G. King, Jr.,* for appellant.

*Guy Parker, Charles M. Lokey, Ferrin Y. Mathews, Robert G. Young,* for appellees.